FILED
2/3/25 9:03 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 25-20255-GLT |
| : | |
| Express Mobile Diagnostic Services, LLC, : | Chapter 11 |
| : | |
| *Debtor*. : | |
| : | |

**ORDER ESTABLISHING CASE MANAGEMENT DEADLINES**
**(SUBCHAPTER V SMALL BUSINESS CASE)**

The Debtor commenced this bankruptcy case on January 31, 2025 and elected treatment under subchapter V of title 11 of the United States Bankruptcy Code. To facilitate the efficient management of this subchapter V case, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the following deadlines shall apply:

1. **Deadline to Complete Petition.** Because the Debtor elected to proceed under subchapter V and abide by its deadlines, the Court expects the Debtor's petition (including all schedules and statement of financial affairs) to be completed promptly and by no later than February 14, 2025. No extensions shall be granted absent a showing of exceptional circumstances.

2. **Financials:** On or before February 7, 2025 the Debtor shall file:

    (a) The Debtor's most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return; or

    (b) A statement under penalty of perjury that no balance sheet, statement of operations, and cash-flow statement has been prepared and no federal tax return has been filed.

3. **Status Report:** On or before March 6, 2025, the Debtor shall file the status report required under 11 U.S.C. § 1188(c) and serve a copy upon the subchapter V trustee and all

parties in interest. A corresponding certificate of service shall be filed with the Court. The status report must include, among other things, the following information:

(a) A description of the nature of the Debtor's business, its primary place of business, the number of locations from which it operates, and the number of employees or independent contractors it utilizes in its normal business operations;

(b) Whether the Debtor is current on all required tax returns and filings due to the Internal Revenue Service or Pennsylvania Department of Revenue (or other applicable taxing authorities), and, to the extent known, the amount of any tax liabilities owed to those entities (including but not limited to, a distinction as to whether any such amounts represent past-due trust fund taxes); and,

(c) A summary of the efforts undertaken by the Debtor (and to be undertaken by the Debtor in the future) to attain a consensual plan of reorganization.

4. **Status Conference:** On March 20, 2025 at 11:00 A.M. the Court shall conduct a status conference under 11 U.S.C. § 1188(a) to further the expeditious and economic resolution of the Debtor's bankruptcy case. The status conference will be held in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219. In accordance with Judge Taddonio's procedures, parties may appear for non−evidentiary matters remotely by utilizing the Zoom video conference platform. Parties seeking to appear remotely must register for the hearing by submitting a registration form via the link published on Judge Taddonio's website (which can be found at: http://www.pawb.uscourts.gov/judge-taddonios-video-conference-hearing-information) *by no later than 4 p.m.* on the business day prior to the scheduled hearing. All parties participating remotely shall comply with Judge Taddonio's General Procedures (which can be found at: http://www.pawb.uscourts.gov/sites/default/files/pdfs/glt-proc.pdf). **Parties who**

**fail to timely register for remote participation will be expected to attend the hearing in person.**

5. **Plan Due Date:** Consistent with 11 U.S.C. § 1189(b), the Debtor shall file its proposed plan of reorganization on or before May 1, 2025.

6. **Deadline for §1111(b) Elections.** Any election by a secured creditor under 11 U.S.C. §1111(b)(2) must be filed with the Court no later than 30 days after the Debtor's plan is filed.

7. **Monthly Operating Reports.** In accordance with 11 U.S.C. § 1187(b), the Debtor shall comply with 11 U.S.C. § 308 by filing operating reports with the Clerk each month. The monthly operating reports shall be in the form prescribed by the United States Trustee and are due on the 20th day following the end of the reported month.

8. **Subchapter V Trustee Interim Compensation.** Within 30 days of the petition date and continuing each month thereafter, the Debtor shall remit a $1,000 interim compensation payment to the subchapter V trustee. The amount of the interim compensation is subject to adjustment by the Court upon the request of any interested party and remains subject to the Court's approval of the trustee's fee application under 11 U.S.C. § 330. The interim compensation payments provided herein shall constitute adequate protection for the subchapter V trustee during the pendency of the case, with such amounts being held by the trustee without application to any outstanding invoices pending approval of the trustee's fee application. To the extent the Debtor prepares a cash collateral budget, the trustee's interim compensation shall be included as a budgeted item.

9. **Service.** Within three business days of this Order, the Debtor shall serve a copy of this Order upon all creditors and parties in interest and file a corresponding certificate of service with the Court.

Dated: **February 3, 2025**

_____
GREGORY L. TADDONIO CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Case administrator to mail to:
Express Mobile Diagnostic Services, LLC
Brian C Thompson, Esq.