**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Express Mobile Diagnostic Services, LLC, ) | Bankruptcy No.: 25-20255-GLT |
| ) | |
| Debtor. ) | Chapter 11 |
| _____ ) | |
| Express Mobile Diagnostic Services, LLC, ) | Document No.: |
| ) | |
| Movant, ) | Related to Document No.: |
| ) | |
| v. ) | |
| ) | |
| Northwest Bank, ) | Hearing Date & Time: |
| Kalamata Captial Group, ) | April 24, 2025 at 10:00 a.m. |
| AmeriCorp Financial, LLC, ) | |
| Bryn Mawr Equipment Financing, ) | |
| Navitas Credit Corp. ) | |
| New Lane Finance Co., ) | |
| United States Small Business ) | |
| Administration, ) | |
| ) | |
| Respondents. ) | |

## MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL

AND NOW comes the above-captioned Debtor, Express Mobile Diagnostic Services, LLC ("Debtor"), by and through its counsel Brian C. Thompson, Esquire and Thompson Law Group, P.C., and seeks the entry of an Order pursuant to Section 363 under Title 11 of the United States Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.  In further support of the Motion, the Debtor respectively represents as follows:

1.      The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 31, 2025. Debtor has continued in the management of its property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      William G. Krieger has been appointed as Trustee in this matter.

3.      Pursuant to 28 U.S.C. Section 1334, this Court has jurisdiction over this matter, which is a core proceeding within the meaning of 28 U.S.C. Section 157(b).  Venue in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.  The statutory predicate for the relief sought herein are 11 U.S.C. Sections 363, and Bankruptcy Rules 4001.

4.      The Debtor is a business organized and existing within the Commonwealth of Pennsylvania.

5.      Debtor's obligations consist mostly of equipment leases and unsecured debts.

6. Respondent Northwest Bank, has a lien on certain property of the Debtor by way of a second security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 2017103101068 with the Pennsylvania Secretary of State on October 31, 2017, see Exhibit "B")

7. As it appears, Northwest Bank has a valid and perfected first priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain, and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now  or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property."

The amounts within the "Accounts" "Deposit Accounts" "Money" and "Receivables" constitute "cash collateral" as defined in 11 U.S.C. §363.

8. Respondent Northwest Bank, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 2020011400785) with the Pennsylvania Secretary of State on January 14, 2020 (See Exhibit "C".)

9. As it appears, Northwest Bank has a valid and perfected second priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"Purchase Money Security Interest in a 1417WCC: Rayence 14x17 Wireless DR Flat Panel Detector S/N: CII019390165; a Source Ray SR 130 X-Ray System, Portable S/N: 2729; a TI-BA 14HK701G-WP LG 14x17" Cesium Wireless DR System Model: 14HK701G S/N: 910KCZPPW893; a TI-BA 14HK701G-WP LG 14x17" Cesium Wireless DR System Model: 14HK701G S/N: 910KCCVPW891; a TI-BA 14HK701G-WP LG 14x17" Cesium Wireless DR System Model: 14HK701G S/N: 910KCYQPW890; a TI-BA 14HK701G-WP LG 14x17" Cesium Wireless DR System Model: 14HK701G S/N: 910KCHEPW889; a TI-BA 14HK701G-WP LG 14x17" Cesium Wireless DR System Model: 14HK701G S/N: 910KCQXPW892; a TI-BA 14HK701G-WP LG 14x17" Cesium Wireless DR System Model: 14HK701G S/N: 905KCXMN1290; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing."

10. Respondent New Lane Financial Company, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 2021102501492) with the Pennsylvania Secretary of State on January 25, 2020 (See Exhibit "D".)

11. As it appears, New Lane Financial Company has a valid and perfected third priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"All equipment and other personal property, now or hereafter the subject of the certain Equipment Finance Agreement relating to Application #APP-00000344448 between Lender and Borrower and any applicable personal guarantor(s) "AND ALL REPLACEMENTS, SUBSTITUTIONS, ACCESTIONS, ADD-ONS, AND ALL PROCEEDS AND ACCOUNTS OF THE DEBTOR(S) ARISING OUT OF OR RELATED TO THE FOREGOING. THIS FINANCING STATEMENT RELATES TO AN EQUIPMENT FINANCE AGREEMENT BETWEEN THE DEBTOR(S)

AND THE SECURED PARTY. This financing statement is filed to give notice of secured party's ownership interest in the collateral."

The amounts within the "Proceeds" and "Accounts" constitute "cash collateral" as defined in 11 U.S.C. §363.

12. Respondent Bryn Mawr Equipment Financing, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 2021102800406) with the Pennsylvania Secretary of State on October 28, 2021 (See Exhibit "E".)

13. As it appears, Bryn Mawr Equipment Financing has a valid and perfected fourth priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"All equipment and other personal property, including but not limited to furniture, fixtures, and equipment subject to that certain Lease/Equipment Financing Agreement # 64721 dated 10/25/2021 between Secured Party as Lessor/Creditor and Debtor as Lessee/Debtor, and subject to any and all existing and future schedule entered into pursuant to and incorporating said Agreement, together with all accesssories, parts, attachments and appurtenances appertaining or attached to any of the Equipment, and all substitutions, trade-ins, proceeds, renewals and replacements of, and improvements and accessions to the Lease/Equipment Financing Agreement Number 64721."
The amounts within the "Proceeds" constitute "cash collateral" as defined in 11 U.S.C. §363.

14. Respondent Bryn Mawr Equipment Financing, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 2021110401930) with the Pennsylvania Secretary of State on November 4, 2021 (See Exhibit "F".)

15. As it appears, Bryn Mawr Equipment Financing has a valid and perfected fifth priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"(1) RAYENCE CESIUM WIRELESS WCC GREEN ON DR PANEL: 14 X 17 WIRELESS FLAT PANEL DETECTOR WITH AED MODE 3 LITHIUM ION RECHARGEABLE BATTERIES AND CHARGER NEW RAYENCE DR PANEL TO REPLACE DAMAGED DR PANEL S/N CBR016400012 (1) RC IMAGING

LOCK-N-SECURE PROTECTIVE PANEL ENCLOSURE WITH CRID. "Including all replacements, parts, substitutions, modifications, accessories, additions, attacments, accessions and tools of the debtor now or hereafter installed therein, afixed thereto or used or intended to be used in connection therewith."

16. Respondent United States Small Business Administration, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 222010500634) with the Pennsylvania Secretary of State on January 5, 2022 (See Exhibit "G".)

17. As it appears, United States Small Business Administration has a valid and perfected sixth priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement.

18. Respondent Northwest Bank, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 2022091901453) with the Pennsylvania Secretary of State on April 22, 2022 (See Exhibit "I".)

19. As it appears, Northwest Bank has a valid and perfected seventh priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement.

20. Respondent Americorp Financial, LLC, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 20221230089492) with the Pennsylvania Secretary of State on December 30, 2022 (See Exhibit "J".)

21. As it appears, Americorp Financial, LLC has a valid and perfected eighth priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement.

22. Respondent Kalamata Capital Group, has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 20230221034561) with the Pennsylvania Secretary of State on February 21, 2023 (See Exhibit "K".)

23. As it appears, Kalamata Capital Group has a valid and perfected ninth priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"All accounts, Chattel Paper, Documents, Equipment, General Inagibles, Instruments and Inventory, now or hereafter owned or acquired, and all products and proceeds thereof, in each case as such term is defined in Article 9 of the Uniform Commercial Code."

The amounts within the "Accounts" and "Proceeds" constitute "cash collateral" as defined in 11 U.S.C. §363.

24. Respondent Navitas Credit Corp., has a lien on certain property of the Debtor by way of a security agreement. The lien was perfected by the filing of UCC Financing Statements (Filing #: 20241206275181) with the Pennsylvania Secretary of State on December 6, 2024 (See Exhibit "L".)

25. As it appears, Navitas Credit Corp. has a valid and perfected tenth priority lien and security interest in the cash collateral pursuant to their UCC Financing Statement:

"ADVANCED MEDICAL EQUIPMENT AS LISTED ON QUOTE 4829BM – SOURCE-RAY EQUIPMENT AS LISTED ON QUOTE 112524-1 – FIRST SOURCE EQUIPMENT AS LISTED ONQUOTE 111020 together with any and all replacements, replacement parts, Accessions and attachments now or hereafter made a part of any of the Equipment and all proceeds thereof. As used herein, accessions and proceeds shall have the meaning as set forth in the Uniform Commmercial Code as presently adopted in the jurisdiction hereof."

The amounts within the "Proceeds" constitute "cash collateral" as defined in 11 U.S.C. §363.

30.    It is essential for the Debtor's reorganization that the Court authorize use of cash collateral, under such restrictions as this Court deems appropriate.  This cash collateral

represents the future and necessary income of the Debtor and is necessary for operating cost.

Without the use of the Debtor's cash collateral, the respondent and any creditors of the Debtor

will not be adequately protected. Further, the use of the cash collateral to run the business will

preserve or enhance the value of creditors' noncash collateral and the going concern of the

business.

31.     The Debtor proposes that the Court authorize the use of all proceeds, funds, and accounts

constituting the Debtor's cash collateral and incoming cash collateral as it arrives on the

condition that the Debtor begins adequate protection payments to all Respondents consistent with

the Chapter 11 Plan to be filed with this Court.

WHEREFORE, Debtor requests that this Honorable Court enter an Order authorizing the

Debtor's use of cash collateral.

Respectfully submitted,

Date: <u>March 27, 2025</u>           By:     <u>/s/ Brian C. Thompson</u>
                                              Brian C. Thompson, Esquire
                                              Attorney for Debtor
                                              PA I.D. # 91197
                                              Thompson Law Group, P.C.
                                              301 Smith Drive, Suite 6
                                              Cranberry Township, PA 16066
                                              (724) 799-8404 Telephone
                                              (724) 799-8409 Facsimile
                                              bthompson@thompsonattorney.com